

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL                    AUSTIN, TEXAS
ATTORNEY GENERAL

May 15, 1947

Hon. Aug. Celaya, Chairman
Liquor Regulation Committee
House of Representatives
Austin, Texas          Opinion No. V-199

                       Re:  Authority of law enforce-
                            ment officers appointed
                            by certain Commissioners'
                            Courts under Article
                            1581-b, V.C.S.

Dear Sir:

        Your statement and request for an opinion is
as follows:

        "1.  May officers appointed by Commission-
        ers' Courts to aid in the enforcement of all
        penal laws of this state, as provided for in
        Article 1581b of the Revised Civil Statutes of
        Texas, enforce the liquor laws of Texas in
        their respective counties and make such ar-
        rests and perform other acts in connection
        therewith in the same manner as other duly
        constituted peace officers of such counties,
        provided said Commissioners Courts have desig-
        nated their duties to include the enforcement
        of all penal laws of this State?

        "2.  Does Article 484 of the Penal Code
        of the State of Texas, which exempts peace of-
        ficers in the actual discharge of their offi-
        cial duties  from the penal provisions of Arti-
        cle 483, P. C., apply to officers appointed by
        Commissioners Courts under the provisions of
        Article 1581b, R. C. S., assuming that said
        officers have been appointed and commissioned
        by such Commissioners Courts in the manner ex-
        pressly provided by said Article 1581b?"

        Article 1581b of Vernon's Civil Statutes reads
in part as follows:

"Section 1. In all counties in this state
having five thousand (5,000) or more cattle,
sheep and goats rendered for taxation, such
counties may employ certain additional law
enforcement officers as hereinafter provided.

"Sec. 2. To aid in the enforcement of
all penal laws of this state, and ferreting
out and detecting any violations thereof,
the Commissioners Court of counties having
five thousand (5,000) or more cattle, sheep
and goats rendered for taxation may, if they
deem it necessary, and are hereby authorized
to, employ in addition to the officers now
provided for by law as many other competent
and discreet persons as in the judgment of
said court is necessary, and shall fix the
compensation; provided, however, no such
person, or persons, shall be paid in excess
of Five ($5.00) Dollars per day, while in
actual service. Such court shall designate
the duties to be performed by all such per-
sons and shall require them to make monthly
reports in writing to said court as to the
manner in which they have performed such
duties."

Article 483 of Vernon's Penal Code, dealing
with the unlawful carrying of arms, provides as follows:

"Whoever shall carry on or about his
person, saddle, or in his saddle bags any
pistol, dirk, dagger, sling-shot, sword
cane, spear or knuckles made of any metal
or any hard substance, bowie knife, or any
other knife manufactured or sold for the
purposes of offense or defense, shall be
punished by fine not less than $100.00
nor more than $500.00 or by confinement
in jail for not less than one month nor
more than one year."

The exceptions to the provisions of the above
statute are found in Article 484 of Vernon's Penal Code,
which reads:

"The preceding Article shall not apply to
a person in actual service as a militiaman, nor
to any peace officer in the actual discharge of

his official duty, nor to the carrying of arms on one's own premises, or place of business, nor to persons traveling, nor to any deputy constable, or special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment; nor to the Game, Fish and Oyster Commissioner, nor to any deputy, when in the actual discharge of his duties as such, nor to any game warden, or local deputy Game, Fish and Oyster Commissioner when in the actual discharge of his duties in the county of his residence, nor shall it apply to any game warden or deputy Game, Fish and Oyster Commissioner who actually receives from the State fees or compensation for his services."

Peace officers are defined by Article 36 of the Code of Criminal Procedure, as follows:

"The following are 'peace officers': the sheriff, and his deputies, constable, the marshal or policemen of an incorporated town or city, the officers, non-commissioned officers and privates of the state ranger force, and any private person specially appointed to execute criminal process."

Special policemen mentioned in Article 484, supra, are provided for only in Article 995 of Vernon's Civil Statutes and are not distinguished by any other statute. Article 995 provides:

"Whenever the mayor deems it necessary, in order to enforce the laws of the city, or to avert danger, or to protect life or property, in case of riot or any outbreak or calamity or public disturbance, or when he has reason to fear any serious violation of law or order, or any outbreak or any other danger to said city, or the inhabitants thereof, he shall summon into service as a special police force, all or as many of the citizens as in his judgment may be necessary. Such summons may be by proclamation or other order addressed to the citizens generally, or those of any ward of the city, or subdivision thereof, or may be by personal notification. Such special police force

while in service, shall be subject to the or-
ders of the mayor, shall perform such duties as
he may require, and shall have the same power
while on duty as the regular police force of
said city."

Article 1581b, supra, authorizes the Commiss-
ioners' Court in certain counties to employ certain ad-
ditional officers, whose duties are set out in Section
2 thereof, to aid in the enforcement of all penal laws
of this State and ferret out and detect any violations
thereof. There is no provision in this Article desig-
nating these officers as "peace officers", nor is there
any authority granted them to make arrests. They are
not designated as peace officers by Article 36, Code of
Criminal Procedure, nor are they special policemen un-
der Article 995 of Vernon's Civil Statutes. They are
merely given the power to aid in the enforcement of the
laws and ferret out and detect violations thereof, or
to put it into other words, they are to make investiga-
tions and help peace officers apprehend violators of
the law.

Article 1581b, passed by the 48th Legislature,
which appears in Chapter 262, page 389 of the General
and Special Laws of Texas, provides:

"Sec. 4. The fact that the stock raisers
of this State do not have adequate protection,
and the particular fact that under the present
meat shortage stock raisers of the State are
subject to many new rings of rustlers and thieves,
creates an emergency and an imperative public nec-
essity that the Consitutional Rule requiring
bills to be read on three several days in each
House be suspended, and said Rule is hereby sus-
pended, and this Act shall take effect and be
in force from and after its passage, and it is
so enacted."

Clearly this law was passed as a special meas-
ure for the protection of stock raisers and apprehending
rustlers and thieves who were stealing stock, and was
not intended to authorize the Commissioners' Courts of
the respective stock-raising counties to create a new
peace officer group to take the place of the hereinbe-
fore defined peace officers.

In the opinion of this department, persons appointed by the Commissioners' Court as provided for in Article 1581b, V. C. S., are not authorized to enforce the liquor laws of Texas in their respective counties, and make such arrests and perform other acts in connection therewith, as they are only investigators to aid the duly constituted peace officers in the enforcement of the law. Your Question No. 1 is therefore answered in the negative.

Since the persons described in Article 1581b, V. C. S., are not peace officers as defined by Article 36, Code of Criminal Procedure, or constituted as peace officers by any other statute, they are not in the exclusion of Article 484 of the Penal Code which allows peace officers to carry arms. Your second question is therefore also answered in the negative.

## SUMMARY

Persons appointed by the Commissioners' Courts of certain stock-raising counties under Article 1581b, Vernon's Civil Statutes, are not authorized to enforce the liquor laws of Texas in their respective counties and make arrest in connection therewith, as they are only investigators to aid the duly constituted peace officers in the enforcement of the law.

Such persons are not peace officers as defined by Article 36 of the Code of Criminal Procedure, and are not exempt from the penal provisions of Article 483, of the Penal Code, by Article 484 of the Penal Code, which exempts peace officers from such provisions and allows them to carry arms in the discharge of their official duties.

Yours very truly

APPROVED MAY 15, 1947

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL

By

Robert A. Hall
Assistant

RAH:jmc:jm